UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NHAN HOANG LE,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | CASE NO. 2:25-cv-212-JNW<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT AND GRANTING LEAVE TO AMEND |

## 1. INTRODUCTION

Plaintiff Nhan Hoang Le, proceeding pro se and in forma pauperis (IFP), sues Defendant Microsoft Corporation. Dkt. No. 5. On March 18, 2025, Microsoft moved to dismiss Le's complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(5), arguing that Le fails to state a claim upon which relief may be granted and did not properly serve Microsoft's registered agent. Dkt. No. 8. Because Le proceeds IFP, the Court also bears an independent duty to assess the legal sufficiency of Le's complaint. *See* 28 U.S.C. § 1915(e)(2)(i)–(iii).

After reviewing Le's complaint, Microsoft's motion to dismiss, and the rest of the record, the Court finds that Le has failed to allege cognizable legal theories or

factual assertions that show a facially plausible claim for relief. Accordingly, the Court DISMISSES Le's complaint without prejudice. The Court GRANTS Le leave to file a proposed amended complaint within 21 days from the date of this Order.

## 2. BACKGROUND

Le's complaint is sparse on facts: he alleges that "[o]ver the years Microsoft Corp use[d] a redirected application to steal data and login in connection with [GoDaddy] and Outlook[,]" which prevented him "from accessing [his] own account." Dkt. No. 5 at 4. Le further alleges that Microsoft prevented him "from doing the things that need[ed] to be done while having [an] alterior [sic] motive behind it all" and "harming another person['s] life." *Id.* Based on these allegations, Le brings several causes of action: "fraud, constitutionality of state statute, Defend Trade Secrets Act of 2016, civil right, racketeering influence and corrupt organizations." *Id.* at 3. Le seeks 512 billion dollars in damages. *Id.* at 4.

## 3. DISCUSSION

**3.1    Legal standards.**

**3.1.1    Rule 12(b)(6).**

The Court will grant a Rule 12(b)(6) motion to dismiss only if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard is less than probability, "but it asks for more than a sheer possibility" that

a defendant did something wrong. *Id.* (citations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). In other words, a plaintiff must have pled "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

When considering a motion to dismiss, the Court accepts factual allegations pled in the complaint as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). But courts "do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (citations omitted). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (internal quotation marks omitted).

Pro se pleadings, like the complaint here, are to be liberally construed on a motion to dismiss. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (while *Twombly-Iqbal* imposed a "higher" plausibility standard, they did not alter court's obligation to construe pro se complaints "liberally when evaluating them under *Iqbal*").

### 3.1.2   The Court's review under 28 U.S.C. § 1915.

When a litigant proceeds in IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(i)–(iii); *see Lopez*

*v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal citation omitted) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim."). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez*, 203 F.3d at 1122).

### 3.2  Le fails to state a claim for relief under any of the causes of action alleged.

The facts that Le alleges are too conclusory and lacking in specifics to state a claim for relief. Le provides no dates for when his injuries occurred, nor does he explain Microsoft's conduct beyond a conclusory statement that it used a redirected application. This is not enough detail to understand how Microsoft has prevented Le from accessing his account or "doing things that he needed to do," especially since Le does not describe what those things were.

As for the fraud and RICO claims, Le does not come close to meeting the pleading standard. To successfully plead a fraud claim, "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Le has alleged neither the circumstances of the fraud nor Microsoft's general state of mind. Additionally, to state a RICO claim, Le must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as predicate acts) (5) causing injury to the plaintiff's business or property." *Just*

*Film, Inc. v. Bouno*, 847 F.3d 1108, 1116 (9th Cir. 2017) (quoting *Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005)). Le's fails to provide any of the four required elements.

Le's remaining causes of action also fail. Le alleges Microsoft violated the Defend Trade Secrets Act but does not identify a trade secret of any kind. Le also alleges a violation of his civil rights and that a state statute is unconstitutional but does not specify which civil right Microsoft violated or which state statute is unconstitutional. Because the facts are so sparse, the Court cannot infer which civil right or statute to which Le attempts to refer.

**3.3   The Court grants Le leave to amend.**

Ordinarily, when a court dismisses a pro se plaintiff's complaint for failure to state a claim, it must grant leave to amend even when no request to amend is made. *Yagman v. Garcetti*, 852 F.3d 966, 976 (9th Cir. 2022). But leave to amend may be denied where amendment would be futile. *Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002).

Here, the Court will give Le another opportunity to allege a plausible case against Microsoft. Le must file a proposed amended complaint by no later than 21 days from the date of this Order. The Court will issue summonses only after Le files a proposed amended complaint, and assuming it does not suffer from the same defects described above. If Le fails to accomplish proper service at that time, Microsoft can renew its arguments under Rule 12(b)(5).

## 4.  CONCLUSION

Accordingly, the Court GRANTS in part Microsoft's motion to dismiss and DISMISSES without prejudice Le's complaint. The Court GRANTS Le leave to file a proposed amended complaint within 21 days from the date of this Order.

Dated this 21st day of April, 2025.

Jamal N. Whitehead
United States District Judge